IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEANUTS WORLDWIDE LLC,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>        Defendants. | Case No. 21-cv-04498<br><br>**Judge Joan B. Gottschall**<br><br>**Magistrate Judge Gabriel A. Fuentes** |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff Peanuts Worldwide LLC ("Plaintiff" or "Peanuts"), by its counsel, submits the following Reply to Defendant's Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction. [63].

## BACKGROUND

Plaintiff filed this action on August 24, 2021 [1]. On January 5, 2022, this Court entered a Temporary Restraining Order[1] ("TRO") enjoining Defendant's offering for sale of infringing Peanuts products and restraining funds in Defendant Wild for Life's ("Defendant") Amazon account. [48]. On January 20, 2022, Defendant filed an appearance. [56]. On January 31, 2022, Defendant filed its Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction ("Defendant's Opposition"). *See* [63].

---

[1] The TRO was subsequently extended on January 14, 2022 [55].

## **ARGUMENT**

Plaintiff continues to satisfy all of the elements required for a Preliminary Injunction, including showing a strong likelihood of success on the merits and irreparable harm. *See* [48], [60]. Additionally, the balance of harms remains in Plaintiff's favor. Without the asset restraint in place, Defendant is likely to move any restrained assets offshore and Plaintiff would be prevented from realizing its right to final equitable relief of an accounting of profits.

Defendant's Opposition should be disregarded because it lacks any factual or legal support. Specifically, Defendant's Opposition [63] consists only of attorney argument with no foundation or supporting declaration. *See Medallion Prods. v. McAlister*, 2008 U.S. Dist. LEXIS 80550, at *8 (N.D. Ill. Oct. 9, 2008) ("As it must, the court has disregarded any unsupported factual statements") (citing *United States v. Stevens*, 500 F.3d 625, 628-29 (7th Cir. 2007) ("[I]t is universally known that statements of attorneys are not evidence.")). Likewise, Defendant's arguments are perfunctory and underdeveloped, and therefore waived. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."). Since Defendant has presented no evidence or developed argument, entry of a Preliminary Injunction remains appropriate for the same reasons that the Court entered and extended the TRO. *See* [48], [55].

Defendant argues[2] that Plaintiff waited too long to bring this action. However, Plaintiff did not become aware of Defendant's infringing activity until July 22, 2021 and filed this case on August 24, 2021. *See* [15] at p. 177 (showing product ordered on July 22, 2021).

---

[2] The Court has already stricken the purported license since it was not translated. [64]. Defendant's Opposition also states on pp. 5-7 that the product at issue looks like other products found online, but there is no legal argument or indication as to why this is relevant. *See* [63] at pp. 5-7.

## **CONCLUSION**

In sum, this Court has already found that Plaintiff has satisfied the requirements for entry of a Preliminary Injunction. [48]. These requirements remain satisfied. Accordingly, Plaintiff respectfully requests that this Court enter the preliminary injunction against all Defendants, including Defendant Wild for Life.

Dated this 1st day of February 2022.  Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Isaku M. Begert
Marcella D. Slay
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
ibegert@gbc.law
mslay@gbc.law

*Counsel for Plaintiff Peanuts Worldwide LLC*