**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Peanuts Worldwide LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21-cv-4498 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| Wild for Life, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Peanuts Worldwide LLC brought this suit under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., and the Copyright Act, 17 U.S.C. §§ 106 and 501, against several online marketplaces allegedly selling counterfeit merchandise. The accused products, such as the Snoopy keychain at issue here, allegedly infringe plaintiff's trademarks and copyrights related to the popular Peanuts cartoon characters created by Charles Schulz. This court issued an *ex parte* temporary restraining order ("TRO," ECF No. 48) which, among other things, enjoined defendants from further infringing plaintiff's trademarks and froze defendants' assets to preserve plaintiff's ability to obtain the equitable remedy of an accounting. Before the court is plaintiff's motion to convert the TRO to a preliminary injunction and a separate motion for leave to serve the summons and complaint by electronic means. One defendant, identified only by its store name on amazon.com, "Wild for Life," has appeared and filed an opposition to the motion, ECF No. 63, and plaintiff filed a reply, ECF No. 65, on February 1, 2022.

Wild for Life does not object to plaintiff's motion for leave to serve the summons and complaint by electronic means. *See* Resp. 1, ECF No. 63. The motion is granted.

"A preliminary injunction is an extraordinary remedy intended to preserve the status quo until the merits of a case may be resolved." *Ind. Civ. Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001).

> [The party moving for a preliminary injunction] "must make a threshold showing that: (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015). Then, if the movant makes this threshold showing, the court proceeds to consider the balance of harms between the parties and the effect of granting or denying a preliminary injunction on the "public interest." *Id.*

*Tully v. Okeson*, 977 F.3d 608, 612–13 (7th Cir. 2020); *accord Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).

Courts in the Seventh Circuit balance the public and private harms against the plaintiff's likelihood of success on a "sliding scale." *Turnell*, 796 F.3d at 662. The more likely the plaintiff is to succeed on the merits, "the less the balance of harms must weigh in [the plaintiff's] favor," and vice versa. *Id.*

This court performed the above equitable analysis at the TRO stage and found, *ex parte*, that they favored awarding injunctive relief. Except as discussed below, Wild for Life does not challenge the court's analysis at the TRO stage. Upon review of the evidence submitted in support of the motion for preliminary injunction, ECF No. 60, the unchallenged portion of the court's TRO analysis is adopted here.

Wild for Life contends that plaintiff is unlikely to succeed on the merits for two reasons. First, according to Wild for Life, it was assured by its supplier that the supplier had a license from plaintiff to produce the accused Snoopy keychain. Resp. 3–4.

This argument fails because Wild for Life has submitted no admissible evidence in support of its factual contentions. *See id.* Wild for Life's response brief includes an image of a

2

partially illegible, foreign-language document purporting to be the license. *See id.* at 4. This image cannot be considered because Wild for Life has not provided a certified English language translation.[1] *See Heredia v. Americare, Inc.*, 2020 WL 3961618, at *5 (S.D.N.Y. July 13, 2020), *reconsideration denied*, 2020 WL 4748295 (S.D.N.Y. Aug. 17, 2020) (quoting *Chen v. Wai? Cafe Inc.*, 2016 WL 722185, at *6 n.5 (S.D.N.Y. Feb. 19, 2016)) (other citations omitted); *Trapaga v. Cent. States Jt. Bd. Loc. 10*, 2007 WL 1017855, at *7–8 (N.D. Ill. Mar. 30, 2007). The purported license also has not been authenticated. *See* Fed. R. Evid. 901. And finally, Wild for Life has provided no evidence, such as an affidavit, substantiating its factual contentions regarding the alleged license, specifically the assertions in its response brief that it was aware of, and relied on, plaintiff's prior lawsuits. *See Rahn v. Bd. of Trs. of N. Ill. Univ.*, 803 F.3d 285, 294 (7th Cir. 2015) (quoting *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1001 (7th Cir. 2004)) (other citations omitted); *see also Ohr ex rel. Nat'l Lab. Rels. Bd. v. MTIL, Inc.*, 2017 WL 5444009, at *3 n.2 (N.D. Ill. Nov. 14, 2017).

Second, Wild for Life effectively argues that it is likely to succeed on a laches defense, though it does not specifically use that word. Laches is an equitable defense to liability "when a party's failure to timely assert a right has caused prejudice to the adverse party." *W. Bend Mut. Ins. Co. v. Procaccio Painting & Drywall Co.*, 794 F.3d 666, 678 (7th Cir. 2015) (quoting *Van Milligan v. Bd. of Fire & Police Comm'rs*, 630 N.E.2d 830, 833 (Ill. 1994)). Among other things, "laches serves to protect defendants from prejudice caused by . . . prolonged uncertainty about legal rights and status, and unlimited exposure to liability damages." *Smith v. Caterpillar,*

---

1    Because the TRO could not be extended absent the agreement of the parties, the court suggested that the parties agree to a ten-day extension of the TRO to give Wild for Life time to file a certified translation if it wished to do so. ECF No. 64. No agreement was reached, and Wild for Life has not indicated to the court that it intends to submit a certified translation. If Wild for Life obtains a certified translation, the court will of course consider it.

*Inc.*, 338 F.3d 730, 733 (7th Cir. 2003) (citing *Cook v. City of Chicago*, 192 F.3d 693, 696 (7th Cir. 1999)).

Wild for Life submits a list of 17 similar cases against alleged online counterfeiters plaintiff filed after Wild for Life first made the accused keychain available in July 2020. *See* Resp. 1–3 (cases filed between Dec. 9, 2020, and Apr. 26, 2021). Because it was not named in plaintiff's prior suits, Wild for Life represents that it concluded that its product did not infringe plaintiff's intellectual property rights. *Id.* at 3.

But Wild for Life, which has the burden of proving its affirmative defense, *see Campbell v. Acuff–Rose Music, Inc.*, 510 U.S. 569, 591 (1994) and *Chattanoga Manufacturing, Inc. v. Nike, Inc.*, 301 F.3d 789, 793–94 (7th Cir. 2002), has submitted no evidence that plaintiff was aware of Wild for Life's keychain when it filed its prior suits.[2] Nor has Wild for Life provided any evidence of detrimental reliance. Rather, all it has offered is an attorney's conclusory representations. Given the total lack of evidence, the court has no basis for believing that Wild for Life's laches defense is likely to succeed.

For the reasons stated, plaintiff's motion for a preliminary injunction is granted. A preliminary injunction will issue separately.

Dated: February 2, 2022

_____/s/_____
Joan B. Gottschall
United States District Judge

---

2   Plaintiff has submitted a screenshot and argued that the date of the screenshot is the date on which it first became aware of defendant's keychain. *See* Reply 2, ECF No. 65; ECF No. 15-3 at PageID No. 1344 (screenshot showing purchase). Plaintiff filed this suit approximately one month later. Compl., ECF No. 1 (Aug. 24, 2021). The screenshot is not evidence of when plaintiff became aware of Wild for Life's keychain, however. So plaintiff, like defendant, has failed to provide evidence, such as an affidavit, of when it became aware of Wild for Life's keychain and relies completely on attorney argument.